# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00019-CV

---

**Emmanuel John, d/b/a Americo Express, Appellant**

**v.**

**RLJ Equities, LLC, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NO. C-1-CV-19-005325, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

On January 7, 2020, appellant Emmanuel John, d/b/a Americo Express filed a notice of appeal. John appeals from a final judgment signed by the trial court on October 29, 2019. Because the judgment was signed on October 29, 2019, the notice of appeal was due to be filed on or before December 1, 2019.[1] *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed within 30 days after judgment is signed); *see also id.* R. 4.1(a) (extending time period to file to next day that is not legal holiday when last day of period falls on legal holiday). That December 1, 2019 deadline might have been extended until December 16, 2019, if John had filed either a notice of appeal with the trial court or a motion for extension of time with this Court

---

[1] John filed an untimely motion for new trial on December 26, 2019. *See* Tex. R. Civ. P. 329b (establishing that motion for new trial must be filed prior to or within 30 days after judgment is signed). Because his motion for new trial was untimely, it did not extend the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.1(a)(1) (extending deadline to file notice of appeal to 90 days if any party *timely* files motion for new trial).

within 15 days after the deadline for filing the notice of appeal. *See id.* R. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). John's January 7, 2020 notice of appeal is untimely, and we therefore lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case).

On January 13, 2020, appellee RLJ Equities, LLC filed a motion to dismiss the appeal, asserting that the Court lacks jurisdiction over the appeal for the reasons stated above. To date, no response has been filed. *See id.* R. 10.3(a) (providing that court of appeals should not determine motion until 10 days after motion was filed). Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: February 6, 2020